*Matthew Kampf v. Principal Life Insurance Company*

# EXHIBIT A

## TO NOTICE OF REMOVAL

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF ST. LOUIS | SIXTH JUDICIAL DISTRICT |

MATTHEW KAMPF,   Court File No.: _____

      Plaintiff,

v.   **SUMMONS**

PRINCIPAL LIFE INSURANCE
COMPANY,

      Defendant.

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT(S):

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer **within 20 days of the date on which you received this Summons.** The mailing address for the person who signed this Summons is:

    Stephanie M. Balmer
    Falsani, Balmer, Peterson & Balmer
    1200 Alworth Building
    306 West Superior Street
    Duluth, MN 55802

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with **each** paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A Default Judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

DATED: 2/4/2021

FALSANI, BALMER, PETERSON & BALMER

BY *S. Balmer*
STEPHANIE M. BALMER (0350461)
1200 Alworth Building
306 West Superior Street
Duluth, Minnesota 55802-1800
Telephone: (218) 723-1990
Email: smbalmer@falsanibalmer.com
Attorneys for Plaintiff

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF ST. LOUIS | SIXTH JUDICIAL DISTRICT |

MATTHEW KAMPF,　　　　　　　　　　Court File No.: _____

　　　　Plaintiff,

**COMPLAINT**

v.

PRINCIPAL LIFE INSURANCE
COMPANY,

　　　　Defendant.

---

COMES NOW the Plaintiff, as and for his cause of action against Defendant, herein states and alleges:

1) Plaintiff Matthew Kampf has, at all relevant times, been an individual residing in the City of Duluth, County of St. Louis, State of Minnesota.

2) Defendant Principal Life Insurance Company is an insurance company licensed to do business in the State of Minnesota.

3) Plaintiff was the president of Go Consumers, Inc., a Minnesota company, from 2007 through approximately 2018.

4) Go Consumers, Inc. contracted with Defendant in April 2010 for group short-term disability, long-term disability, and life insurance coverage ("Plan/Policy").

5) Go Consumers, Inc. maintained that Plan/Policy in part so as to provide wage replacement benefits for Plan/Policy participants, including Plaintiff, in the event of medical disability.

6) That Plan/Policy was funded by Go Consumers, Inc. and managed and administered by Defendant through 2014. Defendant was and remains both the insurer and administrator for the Plan/Policy.

7) Plaintiff was, at all relevant times, a covered participant in the Plan/Policy.

8) Plaintiff, by and through Go Consumers, Inc., paid premiums to Defendant in exchange for short-term disability, long-term disability, and life insurance coverage under the Plan/Policy. Defendant accepted those premiums as compensation for coverage for Plaintiff and Go Consumers, Inc. employees under the Plan/Policy.

9) On October 1, 2011, Plaintiff sustained severe and permanent injuries in a fall, including shattered bilateral wrist bones, a fractured right shoulder, facial fractures, injuries to his knees, and a traumatic brain injury. Plaintiff underwent multiple surgeries for these injuries and has continued to suffer from permanent limitations as a direct result of these injuries and the extensive treatment thereof.

10) Since October 1, 2011, Plaintiff has suffered from severe and permanent functional limitations as a result of multiple disabling medical conditions including but not limited to cognitive deficits (including memory loss and word-finding difficulties), fatigue, physical limitations, and gait and balance problems.

11) Since October 1, 2011, Plaintiff has been unable to earn more than 80% of his pre-disability earnings or to perform a majority of the substantial and material duties of his own occupation as a result of his disabling medical conditions and their resulting functional impairments.

2

12) Plaintiff has been disabled under the terms of the Plan/Policy since October 1, 2011 through the present and continuing.

13) Life Coverage During Disability ("LCDD") allows for the continuance of premium-free life insurance coverage for Plan/Policy participants who are disabled under the Plan/Policy.

14) As a result of Plaintiff's disability under the terms of the Plan/Policy, he has been eligible for long-term disability benefits and LCDD since October 1, 2011.

15) On March 5, 2018, Plaintiff applied to Defendant for long-term disability benefits as of October 1, 2011 through the present and continuing.

16) Plaintiff has cooperated with Defendant's investigation of his claim and has provided Defendant with medical records, wage and employment records, tax records, Social Security records, vocational records, and many other documents in support of his claim and/or at Defendant's request. Plaintiff also provided a recorded statement and submitted to a medical evaluation, both at Defendant's request. Defendant is in receipt of substantial evidence confirming Plaintiff's disability as of October 1, 2011 through the present.

17) Defendant has agreed that Plaintiff has been disabled under the terms of the Plan/Policy as of December 31, 2011 and has paid Plaintiff's claim for long-term disability benefits from September 11, 2017 through the present and continuing.

18) Defendant has refused to pay Plaintiff long-term disability benefits prior to September 11, 2017 because Plaintiff did not file his application until March 2018.

19) Plaintiff did not file his application for long-term disability benefits until March 2018 because he was incapacitated.

20) The Plan/Policy contains a provision wherein premium payments are not required during periods of disability. Because Plaintiff has been disabled under the Plan/Policy since October 1, 2011, premiums that were paid to Defendant by Plaintiff after that date should be refunded to Plaintiff.

21) Upon information and belief, Defendant both funds the Plan/Policy and administers claims made against the Plan/Policy. This is a clear conflict of interest in that Defendant's consideration of Plaintiff's claim for long-term disability benefits was influenced by Defendant's own financial and business interests.

22) Defendant's denial of long-term disability benefits to Plaintiff from October 1, 2011 through September 11, 2017 was wrongful, arbitrary, capricious, unreasonable, irrational, unsupported, contrary to the terms of the Plan, contrary to the evidence of record, based upon a conflict of interest, an abuse of discretion, contrary to existing and applicable law, and legally erroneous.

23) Defendant's denial of long-term disability benefits to Plaintiff from October 1, 2011 through September 11, 2017 was a breach of contract in that it violated the terms of the Plan/Policy by failing to pay Plaintiff long-term disability benefits from October 1, 2011 through September 11, 2017 pursuant to the Plan/Policy.

24) Defendant's denial of long-term disability benefits to Plaintiff from October 1, 2011 through September 11, 2017 has caused Plaintiff to incur both costs and attorney's fees in the course of pursuing this action.

4

25) As a direct result of Defendant's breach of contract in failing to adhere to the terms of the Plan/Policy, Plaintiff has sustained loss of disability benefits in excess of $75,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) Judgment for all accrued sums of long-term disability benefits due to Plaintiff by Defendant from October 1, 2011 through September 10, 2019;

2) Reimbursement by Defendant to Plaintiff for all long-term disability premiums paid to Defendant by Plaintiff from October 1, 2011 through the present;

3) Pre- and post-judgment interest, calculated from each benefit payment's original due date and each premium payment's date of issuance through the date of Defendant's actual payment;

4) Continuance of premium-free life insurance coverage for Plaintiff from October 1, 2011 through the present and continuing;

5) Attorneys' fees allowed under the law;

6) Costs, disbursements, and interest pursuant to the law; and,

7) Such other and further relief as the Court deems just and equitable.

DATED: 2/4/2021

FALSANI, BALMER, PETERSON & BALMER

BY: *S. Balmer*
STEPHANIE M. BALMER (0350461)
1200 Alworth Building
306 West Superior Street
Duluth, Minnesota 55802-1800
Telephone: (218) 723-1990
Email: smbalmer@falsanibalmer.com
Attorneys for Plaintiff

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorneys' and witness fees may be awarded pursuant to Minn. Stat. § 549.211 to the party against whom the allegations in this pleading are asserted.

DATED: 2/4/2021

FALSANI, BALMER, PETERSON & BALMER

BY: *S. Balmer*
STEPHANIE M. BALMER (0350461)
1200 Alworth Building
306 West Superior Street
Duluth, Minnesota 55802-1800
Telephone: (218) 723-1990
Email: smbalmer@falsanibalmer.com
Attorneys for Plaintiff

6